IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

WILLIE JONES,                                                                     PETITIONER

V.                                                    NO. 3:04MC025-GHD

UNITED STATES OF AMERICA,                              RESPONDENT

## MEMORANDUM OPINION

Presently before the court is Willie Jones', a federal inmate proceeding *pro se*, § 2255 motion in which he is seeking to vacate or reduce his sentence based upon the decision in *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). Upon due consideration the court finds that the motion shall be denied.

### A. Factual and Procedural Background

On March 27, 1995, Jones was sentenced to 211 months imprisonment to be followed by two years of supervised release for extortion and racketeering. Judgment was entered on March 28, 1995. Jones appealed his conviction and sentence. The Fifth Circuit Court of Appeals affirmed the judgment on June 11, 1996. On June 30, 2004, Jones filed the present motion. While this matter was pending, however, Jones was released from federal imprisonment on April 7, 2006.

### B. Discussion

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395, 100 S.Ct. 1202, 63 L.Ed.2d 479 (1980). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 396 (citations omitted).

> This cases-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate . . . The parties must continue to have a "personal stake in the outcome' of the lawsuit." This means that, throughout the

> litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.
>
> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole–some "collateral consequence" of the conviction–must exist if the suit is to be maintained. In recent decades, we have been willing to presume that a wrongful criminal conviction has continuing collateral consequences (or, what is effectively the same, to count collateral consequences that are remote and unlikely to occur).

*Spencer v. Kemna*, 523 U.S. 1, 7-8, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998) (internal citations omitted).

When Petitioner commenced this § 2255 action, he was incarcerated. He specifically attacks his sentenced under the United States Supreme Court's *Blakely* decision. Petitioner, however, was released from confinement on April 7, 2006. His release renders the instant § 2255 action moot. *See United States v. Robinson*, 39 Fed. Appx. 723, 724-26 (3d Cir. 2002).

Here, Petitioner does not allege that his conviction carries any collateral consequences. Rather, his argument in the instant 2255 motion is based exclusively on Blakely and its progeny. As a result of his release and in the absence of any consequences, this matter does not present a continuing controversy. Therefore, the case or controversy requirement of Article III has not been satisfied. Thus, the court lacks jurisdiction over this action.

Furthermore, Jones was sentenced on March 27, 1995, more than 9 years before *Blakely* was issued on June 24, 2004, and well before *U.S. v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (Jan. 12, 2005). The Fifth Circuit has held that *Blakley* does not extend, or apply, to the federal Sentencing Guidelines. *United States v. Pinerio*, 377 F.3d 464, 473 (5th Cir. 2004). Jones filed this petition on July 30, 2004. Therefore, under the law in this circuit at the time of Jones' sentencing the mandatory application of the Guidelines was appropriate and was not unconstitutional based upon *Blakely* and *Booker*.

*Blakely* and the subsequently decided *Booker* would have to apply retroactively for Jones' argument to succeed. On December 8, 2005, however, the Fifth Circuit held *Booker* does not apply retroactively to cases on collateral review and therefore, the holding does not apply to 28 U.S.C. § 2255 motion such as the case *sub judice*. *United States v. Gentry*, 432 F.3d 600, 605 (5th Cir. 2005) (applying the *Teague* analysis). Accordingly, Jones' claim is not cognizable on collateral review by this 2255 motion. Jones' argument that his sentence should have been reduced based on *Blakely* and *Booker* is without merit.

Lastly, Jones' motion is untimely to say the least. A prisoner incarcerated by order of a federal court has one year to attack the constitutionality of his sentence. 28 U.S.C. § 2255(f). As noted above, Petitioner was sentenced on March. 27, 1995. After exhausting his appeals and being denied a writ certiorari, Jones' conviction became final October 29, 1996. In order to be timely, his § 2255 motion should have been filed on or before October 29, 1997. Unfortunately, Petitioner did not file his motion to vacate sentence until June 30, 2004, almost 7 years too late. Therefore, the motion is barred by the one-year statute of limitation. Consequently, Petitioner's § 2255 motion is untimely.

### C. Conclusion

For the foregoing reasons, Petitioner's 2255 motion should be dismissed.

A final judgment in accordance with this opinion will be entered.

THIS the ____4____ day of November, 2008.

SENIOR JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI